BACHARACH, Circuit Judge,
concurring, joined by McHUGH, Circuit Judge. '
I agree with the majority that we should reverse, and I join virtually all of Judge Gorsuch’s well-reasoned lead opinion. I write separately only with respect to the lead opinion’s analysis of the absurdity doctrine. See Maj. Op. at 1222-23. Though I agree that we should reject Lexington’s argument based on the absurdity doctrine, I would approach the issue differently. In my view, Lexington waived this argument. And even if this argument had been preserved, I would reject it without defining the outer contours of the absurdity doctrine in Wyoming.
Lexington concedes that its appeal briefs did not include an argument involving the absurdity doctrine. Oral Arg. at 23:44-24:06. Instead of briefing the issue, Lexington waited until oral argument to make an argument based on the absurdity doctrine; even then, Lexington did so only in response to a question from the panel. By waiting until oral argument, Lexington waived its appeal point based on the absurdity doctrine. Fed. Ins. Co. v. Tri-State Ins. Co., 157 F.3d 800, 805 (10th Cir. 1998).
In its appeal briefs, Lexington had couched the argument differently, arguing that recognition of an exception under § 30-1-131 for insurance contracts would violate this statute’s public policy against indemnifying a party for its own negli *1225 gence. This is not an absurdity-doctrine argument, but an argument about how to reconcile two components of the same statutory provision. The Wyoming Supreme Court has squarely rejected Lexington’s argument, holding that the statute should be construed according to its plain language even where doing so would frustrate public policy concerns expressed elsewhere in the statute. Union Pac. Res. Co. v. Dolenc, 86 P.3d 1287, 1295 (Wyo. 2004).
The lead opinion generously treats Lexington’s statutory-interpretation argument as an argument based on the absurdity doctrine. I would decline to do so because the arguments are distinct. But even if we recharacterize Lexington’s argument, as the lead opinion does, I would reject the absurdity argument without defining the doctrine’s outer reach. Regardless of whether we treat Wyoming’s absurdity doctrine as narrow or broad, Lexington’s argument would fail.
As explained in the lead opinion, the Wyoming legislature could have had any number of reasons for exempting insurance contracts from the prohibition against indemnifying wrongdoers. Maj. Op. at 1221-22. As a result, a straightforward reading of § 30-1-131 cannot be considered absurd even under the broadest conceivable interpretation of Wyoming’s absurdity doctrine. Thus, even if we had to reach an argument on the absurdity doctrine, I would reject that argument without deciding the outer reaches of the doctrine. Whether narrow or broad, that doctrine would not support Lexington’s effort to nullify the statute’s unambiguous exception for insurance contracts. Accordingly, I respectfully concur in the judgment to reverse and remand.